GEORGE D. GREELEY *vs.* DORAN WRIGHT COMPANY & others.

Suffolk.    November 16, 1888. — November 28, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale on Margin — Broker — Usage — Exceptions.*

At the trial of an action to recover a balance alleged to be due on a mutual account, there was evidence that the defendant, a broker and member of the Petroleum Exchange, was employed by the plaintiff, who was not such a member, to buy oil for him on a margin; and the oil was bought with the plaintiff's knowledge on the exchange. The judge, who tried the case without a jury, found that a usage of the exchange, permitting members to settle transactions between themselves on or before a certain hour of a day following that of a bargain and sale, applied to this transaction, but a bill of exceptions alleged by the defendant, purporting to recite "all the material evidence in the case, ' disclosed no evidence connecting this usage of the exchange with the dealings of brokers with their customers, or with this particular transaction. *Held,* that the defendant showed good ground of exception.

CONTRACT to recover the balance of a mutual account between the parties. Trial in the Superior Court, without a jury, before *Thompson,* J., who allowed the following bill of exceptions.

The Doran Wright Company is a New York corporation, a member of the Consolidated Stock and Petroleum Exchange of New York, and on November 11, 1886, was doing business as stock and oil brokers in New York and Boston. The other defendants had charge of and an interest in the Boston business. On November 11, 1886, the plaintiff ordered the defendants to

buy for his account fifteen thousand barrels of petroleum on a one per cent margin. The defendants accepted the order, and reported the oil bought for the account of the plaintiff, the plaintiff understanding that the oil was bought in the Petroleum Exchange in New York. On the next day the defendants sent a statement of this transaction to the plaintiff, and demanded of him the one per cent margin on account of the purchase, and were told by the clerk of the plaintiff that the same would be paid as soon as the plaintiff arrived at his office. After several demands, the defendants notified the plaintiff's clerk that they would close the trades at 12.30 o'clock P. M., unless the margin was put up. The plaintiff reached his office shortly after 12.30 o'clock P. M., and immediately went to the defendants' office and tendered the amount called for by them. The defendants refused to accept the same, and told the plaintiff the transaction was cancelled, and that they did not hold the oil for the plaintiff's account. Meantime oil had advanced in price. On the next day, the plaintiff ordered the oil closed out at prices named, at which prices and higher oil sold on that day after his order. On the New York Stock and Petroleum Exchange the transactions of the current day are settled for between members of the exchange on or before 2.15 o'clock P. M. of the following day. The plaintiff was a broker in Boston, and gave this order on his own account. This was all the material evidence in the case.

The case was tried upon the undisputed assumption, that, if the plaintiff at the time he ordered the oil closed out had not lost his right to the oil by reason of not having paid the margins by 12.30 o'clock P. M. of November 12, and the contract was not a wagering contract, then the defendants were bound to close the transaction as ordered, and to pay to the plaintiff the balance claimed in his declaration.

The judge found as facts: 1. "That the contract was not a wagering contract." 2. "That the plaintiff was entitled to settle margins any time before 2.15 o'clock P. M. of the next day after order." 3. "That there was no agreement, expressed or implied, between the parties, to vary the custom in the business for the purchaser to have until 2.15 o'clock P. M. of the day following the order for the goods, when accepted and purchase made, to settle margins."

The judge refused to rule, as requested by the defendants, that the plaintiff could not recover, and found for the plaintiff; and the defendants alleged exceptions.

*J. R. Bullard*, for the defendants.

*M. H. Swett*, for the plaintiff.

FIELD, J.    The usage of the exchange, to settle all transactions between members on or before fifteen minutes past two o'clock of the afternoon of the day following that of a bargain and sale, apparently has no relation to the transaction between the plaintiff and the defendants.    The plaintiff was not a member of the exchange, neither did he buy petroleum of the defendants.    He employed the defendants as brokers and members of the exchange to buy petroleum for him " on a one per cent margin."    No evidence appears in the exceptions connecting this usage of the exchange with the dealings of brokers with their customers, or with the transaction between these parties, and the exceptions purport to recite " all the material evidence in the case."

We think that the second and third findings of fact rest upon an opinion of the justice who tried the case without a jury, that the evidence showed that the parties dealt with each other in reference to this usage of the exchange as affecting their rights and obligations towards each other, and we are unable to see in the exceptions any evidence that would warrant such an opinion. As these findings cannot be supported, we are unwilling to decide the case upon the first finding, and the facts and evidence contained in the exceptions.    It is improbable that there was not some usage affecting the dealings of brokers with their customers, or some understanding between these parties, which ought to be considered in determining their rights under the order given and accepted in this case.

*Exceptions   sustained.*